UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 16-184 |
| CHRISTOPHER HUTTON | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 69)**, filed by Defendant, Christopher Hutton, and an opposition thereto (Rec. Doc. 71) by the United States of America. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds the motion should be **DENIED** for the reasons listed herein.

### FACTS AND PROCEDURAL BACKGROUND

This case was initiated after the theft of nine firearms from a residence in Marion County, Mississippi. (Rec. Doc. 34, at 1). After learning of the theft, law enforcement discovered that Defendant, Christopher Hutton, had sold the nine stolen firearms to a pawn shop in Hammond, Louisiana. (*Id.*). Employees at the pawn shop identified Defendant from a photographic array, and agents also reviewed security footage from the store, which showed Defendant pawning the firearms. (*Id.* at 2). After his arrest, Defendant was interviewed by a member of the Hammond Police Department, during which Defendant admitted to possessing the firearms, but stated

1

that he "did not know whether the guns were stolen, but he knew he was a convicted felon and should not have possessed the guns." (*Id.*).

Defendant was charged in an indictment with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Rec. Doc. 1). On March 24, 2017, Defendant pled guilty to count one of the indictment (Rec. Doc. 31), pursuant to a plea agreement (Rec. Doc. 33). In addition, on that date, the Court accepted Defendant's factual basis, which Defendant signed and acknowledged, and which summarized the evidence that the government would have used to prove Defendant's guilt beyond a reasonable doubt at trial. (Rec. Doc. 34).

On May 14, 2020, Defendant filed, *pro se*, a deficient motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Rec. Doc. 67). On June 25, 2020, Defendant corrected the deficiency and filed the instant motion, *pro se*, based entirely on the recent Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1]

## **LEGAL STANDARD**

28 U.S.C. § 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court

---

[1] *Rehaif* was decided on June 21, 2019, and under 28 U.S.C. § 2255(f)(3), Defendant was required to file his motion within one year, or on or before June 21, 2020. Defendant's motion was submitted for mailing on June 11, 2020. (Rec. Doc. 69, at 14.) In light of that fact, as well as the fact that Defendant's initial deficient § 2255 motion was filed within the one-year limitations period, the government conceded that the instant motion was timely filed. *See* Rules Governing § 2255 Proceedings 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing § 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that a defendant's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

## DISCUSSION

As a preliminary matter, Defendant waived his right to collaterally attack his conviction in his plea agreement. (Rec. Doc. 33, at 2-3). "[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.). "A defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Id.* (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002))

Defendant contends that his plea agreement was unknowing and involuntary. (Rec. Doc. 69-1, at 4). However, at his rearraignment, Defendant attested under oath that he had reviewed the plea agreement with his attorney and that he understood the entirety of the agreement. (Rec. Doc. 57, at 11). Moreover, Defendant was specifically asked whether he understood the "waiver of appeal," and told that he was "waiving or giving up any right to appeal or contest your conviction or your sentence." (*Id.* at 12.) Defendant acknowledged that he had not been threatened or forced into

4

pleading guilty nor were any promises made to him besides those contained in the plea agreement. (*Id.* at 13-14). For these reasons, the record is clear that Defendant's plea was made both knowingly and voluntarily. Therefore, Defendant's plea agreement is enforceable, and Defendant cannot assert any collateral challenges to his conviction except for an ineffective assistance of counsel challenge, which Defendant has not raised in his § 2255 motion. Nevertheless, this Court will address some of the other issues with Defendant's § 2255 motion.

As stated earlier, the substance of Defendant's § 2255 motion is based entirely on the recent Supreme Court decision in *Rehaif v. United States*. Under *Rehaif*, to convict a felon for possessing a firearm, the government must prove that the defendant knew he had been convicted of an offense punishable by more than one year of imprisonment. 139 S. Ct. at 2200.

Defendant was convicted of a felony punishable by more than one year of imprisonment, Defendant was sentenced to three years of imprisonment on that conviction, and Defendant spent over one year in prison. (Rec. Doc. 39, at 8). Further, when he was interviewed by the Hammond Police Department, Defendant admitted to law enforcement that "he knew he was a convicted felon and should not have possessed the guns." (Rec. Doc. 34). Under these facts, it is inarguable that Defendant knew he had been convicted of an offense punishable by more than one year of imprisonment, thus Defendant's *Rehaif* claim is without merit.

Finally, Defendant's argues that the indictment to which he plead guilty was defective because it did not include the *Rehaif* knowledge element. The Fifth Circuit

Court of Appeals has recently rejected a similar *Rehaif*-based challenge on direct appeal and held that the failure of an indictment to include the *Rehaif* knowledge element is waived by a defendant's guilty plea. *United States v. Johnson*, 781 Fed. App'x 370, 371 (5th Cir. 2019). Thus, Defendant's argument that the indictment to which he plead guilty was defective is without merit

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Vacate, Set Aside, or Amend Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 69)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Defendant has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana, this 14th day of September, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE